THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MATTHEW RYAN MCCURLEY. <br><br> **Plaintiffs,** <br><br> v. <br><br> **CITIGROUP GLOBAL MARKETS HOLDINGS INC, ET AL.,** <br><br> **Defendants.** | Civil No. 22-1031 (ADC) |

**OPINION AND ORDER**

**I.   Procedural Background**

On January 18, 2022, Matthew Ryan McCurley ("plaintiff") filed a pro se complaint against Citigroup Global Markets Holdings Inc. ("CGMH"), Citigroup Inc. ("Citigroup"), "Velocity Shares" ("Velocity"), and "Janus Henderson Group" ("Janus") (jointly, "defendants") based on this Court's diversity jurisdiction. **ECF No. 1** at 2.

Among the complaint's unclear allegations, plaintiff claims that defendant CGMH "owes" him money in excess of the diversity jurisdiction statute's $75,000 threshold amount "because on 11/02/2016, the defendant signed and delivered a note promising to pay the plaintiff on 04/03/2020[:] $820,200." *Id.*, at 4.[1]

---

[1] The Complaint has no exhibits or attachments other than this District's "Civil Cover Sheet" and "Category Sheet" forms. *See* **ECF No. 1-1, 1-2**.

Janus and Velocity moved to dismiss. **ECF Nos. 17**. So did CGMH and Citigroup. **ECF No. 19**. In response, plaintiff filed a motion captioned "motion for summary judgment and or default judgment."[2] **ECF No. 28**. A couple of weeks later, without leave of Court, plaintiff filed yet another motion requesting entry of default against defendants and in response to defendants' motions to dismiss. **ECF No. 34**. Defendants filed memoranda addressing plaintiffs' filings. **ECF Nos. 36, 37**. Without leave of Court, plaintiff submitted yet another set of filings. **ECF Nos. 35, 38**. Defendants moved to strike plaintiffs' untimely and unauthorized filings. **ECF Nos. 39, 40**.

## II.   Legal Standard

It is well settled that in reviewing a motion for failure to state a claim upon which relief can be granted, the Court accepts "as true all well-pleaded facts alleged in the complaint and draw[s] all reasonable inferences therefrom in the pleader's favor." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 52–53 (1st Cir. 2013) (citation and internal quotation marks omitted). Only "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (en banc).

The First Circuit established a two-prong test to evaluate "plausibility" under Fed. R. Civ. P 12(b)(6). *See Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) (discussing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544

---

[2] Plaintiff's motion does not comply with Local Civil Rules 7 and 56.

(2007)). First, the court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." *Schatz c. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678-79.

Second, the court must then "take the complaint's well-[pleaded] (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Schatz*, 669 F.3d at 55. Plausible "means something more than merely possible." *Id.* (citing *Iqbal*, 556 U.S. at 678-79). To survive a Rule 12(b)(6) motion, a plaintiff must allege more than a mere "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.[3]

### III. Discussion

#### A. Pro se status

Although courts construe a pro se plaintiff's complaint liberally[4] "there is a long line of authority rejecting the notion that pro se litigants in [] civil… cases are entitled to extra procedural swaddling." *Eagle Eye Fishing Corp. v. U.S. Dept. of Commerce*, 20 F.3d 503, 506 (1st Cir. 1994). "[A] litigant's pro se status does not absolve him from compliance with the

---

[3] "[W]e realize too that we can consider (a) implications from documents attached to or fairly incorporated into the complaint, (b) facts susceptible to judicial notice, and (c) concessions in plaintiff's response to the motion to dismiss. *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55–56 (1st Cir. 2012)(quoting *Arturet–Vélez v. R.J. Reynolds Tobacco Co.*, 429 F.3d 10, 13 n.2 (1st Cir. 2005)(internal quotation marks omitted).

[4] *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rules of Civil Procedure. This applies with equal force to a district court's procedural rules." *F.D.I.C. v. Anchor Properties*, 13 F.3d 27, 31 (1st Cir. 1994)(cleaned up).

A couple of decades ago, the Court of Appeals for the First Circuit recognized that courts should not freely "extend special solicitude to a pro se litigant." *Eagle Eye Fishing Corp. v. U.S. Dept. of Commerce*, 20 F.3d at 506. There, the Court described plaintiffs as appearing "to have been penny wise" because they "knowingly chose to handle their own defense, forsaking professional assistance." *Id*. A similar finding is warranted in this case.

Here, plaintiff did not move to proceed in forma pauperis nor did plaintiff move for appointment of counsel. In any of those cases, plaintiff would have had to disclose his financial situation to the Court via affidavit. Because there is no such information on the docket, the Court cannot assume that plaintiff chose to represent himself for reasons out of his control, such as, for example, not being able to retain counsel.

Moreover, plaintiff claims to have spent what the Court can only assume (because the allegations in the complaint are so "spectacularly"[5] barren) is a considerable amount of money in order to purchase the "promissory note."[6] Thus, much like the plaintiffs in *Eagle Eye Fishing Corp.*, here, too, it is reasonable to infer that plaintiff made the choice to forsake professional assistance. Therefore, aside from a liberal reading of his pleadings, plaintiff must bear the consequences of his actions and omissions like any other litigant before this Court. *Andrews v.*

---

[5] *Redondo Waste Systems, Inc. v. López-Freytes*, 659 F.3d 136, 140 (1st Cir. 2011), discussed *infra*.
[6] The Court cannot elaborate or otherwise state the facts of the case any better due to the lack of allegations in the complaint. **ECF No. 1**.

*Bechtel Power Corp.*, 780 F.2d 124, 140 (1st Cir. 1985)(the "right of self-representation is not a license not to comply with relevant rules of procedural and substantive law."(internal quotation marks omitted)); *Goguen v. Allen*, 780 F.3d 437, 457 (1st Cir. 2015), cert. denied, ⎯⎯ U.S. ⎯⎯, 136 S.Ct. 200, 193 L.Ed.2d 129.

B. **Plaintiff's failure to comply with this District's rules**

(i) **Plaintiff's untimely response**

Janus and Velocity filed their dispositive motion on April 25, 2022. **ECF No. 17**. CGMH and Citigroup filed theirs on May 11, 2022. **ECF No. 19**.

Local Civil Rule 7(b) states that "[u]nless within fourteen (14) days after the service of a motion the opposing party files a written opposition to the motion, the opposing party shall be deemed to have waived any objection to the motion." Fed. R. Civ. P. 6(b)(1) provides: "the court may, for good cause, extend the time: (A)… if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

Plaintiff's first filing after defendants' motions to dismiss was not logged until May 27, 2022. **ECF No. 28**. Although captioned "motion for summary judgment and or default judgment," plaintiff included some sort of response to defendants' dispositive motions therein. *Id*. To wit, pursuant to plaintiff's representations therein, he "author[ed] []his response" at **ECF No. 28** after obtaining copy of defendants' dispositive filings. However, he did not file his response within the Local Civil Rule's 14-day window to do so. Neither did plaintiff move for

extension of time before or after the time to file a response expired, as required by Fed. R. Civ. P. 6. Therefore, plaintiff's response at **ECF No. 28** is untimely.[7] However, in its discretion and considering that the response was filed not long after the deadline elapsed, the Court will accept plaintiff's filing at **ECF No. 28** as a response to defendants' motions to dismiss.[8]

### (ii) Plaintiff's late and unauthorized second response at ECF No. 34[9]

On June 10, 2022, several days after filing his response at **ECF No. 28**, plaintiff filed a second motion in response to defendants' motions to dismiss. *See* **ECF No. 34**. The Court would generally deny plaintiff's filing at **ECF No. 34** for several reasons.[10]

First, once again, plaintiff did not move for an extension of time to file the response at **ECF No. 34**. Therefore, plaintiff did not show good cause or excusable neglect. *See* Fed. R. Civ. P. 6. Neither did plaintiff move for leave to file a second response or a supplement to his already late response at **ECF No. 28**.

Second, plaintiff knew defendants were requesting dismissal of the complaint before he filed his first response at **ECF No. 28**. As a matter of fact, at **ECF No. 28** plaintiff acknowledges that defendants filed "jurisdictional claims and motions to dismiss." **ECF No. 28** at 1. Plaintiff further asserts he made "attempts to discuss this motion with defendant[s'] counsel and representatives." *Id*. Moreover, plaintiff was aware that in order to survive defendants'

---

[7] Notably, this is not an issue of interpretation of plaintiff's pro se allegations.
[8] The Court cannot entertain plaintiff's filing at **ECF No. 28** as a motion for summary judgment or for entry of default. Even though plaintiff's motion at **ECF No. 28** requests "summary judgment" and "default" against defendants, it fails to comply with Local Civil Rules 7, 55 and 56 by quite a wide margin. *See* Local Civil Rule 56; *Ruiz Rivera v. Riley*, 209 F.3d 24, 28 (1st Cir. 2000)("parties ignore [these rules] at their peril").
[9] Neither will the Court entertain plaintiff's subsequent filings.
[10] The Court will however accept the filing for the limited purposes discussed herein.

motions to dismiss, the complaint must "state a claim for relief" and "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **ECF No. 28** at 4. Plaintiff even cited "*Ashcroft*" and "*Twombly*" in his first response at **ECF No. 28**. *Id*. Thus, weeks before filing his second response at **ECF No. 34**, plaintiff had the means, the time and the know-how necessary to file a proper response to defendants' dispositive motions.

Therefore, and considering that plaintiff enjoyed more time than the time allotted by the rules to prepare and file his response at **ECF No. 28**, there is no good cause (or even a rational basis) to assume that plaintiff was unable to file a proper response at the time of his initial filing, **ECF No. 28**. Thus, there is no good cause or reason to accept his second, untimely response at **ECF No. 34**.

C.      **Janus and Velocity's motion to dismiss**

Co-defendants Janus and Velocity raised two arguments in favor of dismissal. **ECF No. 17**. First, that the Court lacks *in personam* jurisdiction because they do not have sufficient contact with this forum.[11] Second, they argue that the complaint fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6). *Id*. Specifically, that the complaint does not include allegations linking them to the claims.

---

[11] The Court is aware that jurisdiction ought to be address in the first place. However, contrary to subject-matter challenges, the jurisdictional argument in this case could potentially (without deciding it) require some discovery. Because there are independent grounds to dismiss the complaint in favor of the parties asserting lack of jurisdiction, the Court will address those grounds before ordering the parties to incur in costs related to discovery, which would, in any event, turn moot because the complaint clearly fails to state a claim regardless of this Court's ruling under long-arm statutes.

**(i)      Failure to state a claim**

Janus and Velocity argue that the complaint is devoid of allegations linking them to any of plaintiff's claims. The Court agrees. A liberal but careful review of the allegations in the complaint reveals that plaintiff did not include a single allegation linking Janus or Velocity to the facts or claims in the complaint.

Although plaintiff's motion at **ECF No. 28** recognized defendants' arguments—that the complaint lacks allegations against them—, he did not specifically respond to any of them. As discussed before, plaintiff knew quite well what the defendants' grounds for dismissal were by the time he was preparing his "Motion for Summary Judgment and or Default Judgment" at **ECF No. 28**. Notwithstanding, he chose not to address or discuss the reasons why defendants were not entitled to dismissal.

On the other hand, and perhaps the most important consideration at this stage, is the fact that plaintiff did not move for leave to amend the complaint in order to include allegations linking defendants to any of its claims.[12] *See* **ECF No. 28**. This omission becomes fatal in light of the fact that plaintiff admittedly understood defendants' grounds for dismissal.

To be more specific, despite having full understanding of the applicable law, plaintiff made no effort to discuss why the complaint should not be dismissed precisely under the law

---

[12] The time for which also ran out. *See* Fed. R. Civ. P. 15(a)(1)(B) ("21 days after service of a motion under Rule 12(b)); and Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with… the court's leave.").

Case 3:22-cv-01031-ADC   Document 42   Filed 03/27/23   Page 9 of 14

Page 9

he cited perfunctorily in his motion. Nor can the Court read (liberally as it must) into plaintiff's filing at **ECF No. 28** any implicit request to amend the complaint.

Even if the Court partially accepted plaintiff's second response at **ECF No. 34**, which apparently included some proposed amendments, the Court would nonetheless deny leave to amend the complaint as it pertains to Janus and Velocity for the following reasons.

Leave to amend a pleading should be "freely given in instances in which justice so requires[…] But this does not mean ... that a trial court must mindlessly grant every request for leave to amend." *Nikitine v. Wilmington Trust Co.*, 715 F.3d 388, 390 (1st Cir. 2013)(cleaned up). The Court can deny "leave to amend when the request is characterized by undue delay, bad faith, futility, [or] the absence of due diligence on the movant's part." *Nikitine v. Wilmington Trust Co.*, 715 F.3d at 390 (quoting *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006)(internal quotations mark omitted)); *Jenkins v. Housing Court Department*, 16 F.4th 8, 19 (1st Cir. 2021).

Here, plaintiff's failure to move for leave to amend or for an extension of time to do so (within the time frame provided in the rules or even beyond that deadline when he filed his first response at **ECF No. 28**) calls into question plaintiff's due diligence.

Nonetheless, the proposed amendments included at **ECF No. 34** are also futile. *See Nikitine v. Wilmington Trust Co.*, 715 F.3d at 390. To wit, once again, plaintiff fails to include allegations linking Janus or Velocity to his claims. *See Redondo Waste Systems, Inc. v. López-Freytes*, 659 F.3d at 140. Thus, even if the Court were inclined to grant leave to amend the

complaint, the proposed amendments included at **ECF No. 34** also fail to state a claim against Janus and Velocity.

As it stands, both the complaint and the proposed amendments, liberally construed, fail to state a claim for relief against Janus and Velocity. The complaint makes no mention whatsoever of co-defendants Janus or Velocity. It is well established law that dismissal under Fed. R. Civ. 12(b)(6) "turns on the complaint's compliance with Rule 8(a)(2)." *Ocasio-Hernández*, 640 F.3d at 8. Under Fed. R. Civ. P. 8(a) even pro se filers must provide "sufficient detail in the complaint to give a defendant fair notice of the claim and the grounds upon which it rests," in other words, "enough facts to state a claim to relief that is plausible on its face." *Id*.

In the wake of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court of Appeals for the First Circuit explained that a "complaint must allege facts linking each defendant to the grounds on which that particular defendant is potentially liable." *Redondo Waste Systems, Inc. v. López-Freytes*, 659 F.3d 136, 140 (1st Cir. 2011). Perhaps even more so than in *Redondo Waste Systems, Inc. v. López-Freytes*, here, the "complaint fails the plausibility test spectacularly."[13] Again, except for an unfruitful allegation against other co-defendants, the complaint has no allegations or claims against Janus or Velocity. At this point, defendants have no idea, much less notice under Fed. R. Civ. P. 8, of the claims asserted against them.

---

[13] In *Redondo Waste Systems, Inc. v. López-Freytes* "one of the captioned defendants [was] not [] mentioned in the body of the complaint." *Id*., at 140. Conversely, here, perhaps only two of the captioned defendants are mentioned in the body of the complaint.

Therefore, there are no allegations (well-pleaded or otherwise) that would raise plaintiff's claims against Janus or Velocity to the realm of plausibility. *SAS International, Ltd. v. General Star Indemnity Company*, 36 F.4th 23, 26 (1st Cir. 2022)("a plausible, not a merely conceivable, case for relief." (citing *Lee v. Conagra Brands, Inc.*, 958 F.3d 70, 74 (1st Cir. 2020) (internal quotation marks omitted)).

Thus, the Court must **GRANT** the motion to dismiss at **ECF No. 17** under the grounds discussed above and **DISMISS** with prejudice[14] plaintiff's claims against Janus and Velocity pursuant to Fed. R. Civ. P. 12(b)(6).

D.      **CGMH and Citigroup's motion to dismiss or for transfer of venue**

CGMH and Citigroup's motion at **ECF No. 19** requests dismissal for lack of long-arm jurisdiction over CGMH and Citigroup and for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, CGMH and Citigroup move for transfer of venue. *Id*.

Contrary to plaintiff's claims against Janus and Velocity (or more accurately, the lack thereof), the complaint does include allegations linking CGMH and Citigroup to plaintiff's claims.[15] Moreover, although untimely and unauthorized, plaintiff's filing at **ECF No. 34**, does include some proposed amended allegations against CGMH and Citigroup. Ultimately, liberally construed, the Court finds that plaintiff's filings could be interpreted as a request for leave to amend the complaint as it pertains to CGMH and Citigroup. **ECF No. 34** at 3 ("if the

---

[14] "[T]he normal presumption is that a Rule 12(b)(6) dismissal is with prejudice." *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 736 (1st Cir. 2016).
[15] Without deciding if they pass muster under Fed. R. Civ. 12(b)(6).

defect can be repaired with an amendment to the complaint, the Court should consider allowing the plaintiff the chance to correct that defect.").

Because a ruling on CGMH and Citigroup's argument under Fed. R. Civ. P. 12(b)(6) could moot the potential need to conduct discovery (without deciding it) on *in personam* jurisdiction issues and, ultimately, serve judicial economy, the Court will first tackle Fed. R. Civ. P. 12(b)(6)'s dual prong test. However, since plaintiff's filing could be interpreted as a request for leave to file an amended complaint, the Court hereby **GRANTS** plaintiff leave to amend the complaint.

Accordingly, the motion to dismiss at **ECF No. 19** is **DENIED WITHOUT PREJUDICE** to its reassertion once plaintiff files his amended pleading, if any.

## IV. Conclusion

In light of all the above, the Court hereby ORDERS:

- The motion to dismiss at **ECF No. 17** is **GRANTED**. Plaintiff's claims against co-defendants Janus and Velocity are thus **DISMISSED WITH PREJUDICE**.

- The motion to dismiss at **ECF No. 19 is DENIED WITHOUT PREJUDICE**. The Court emphasizes that, due to the leave to amend the complaint granted herein, it expresses no opinion or view upon any of the grounds asserted at **ECF No. 19** and will consider the arguments anew once co-defendants reassert their motion to dismiss, move for summary judgment or otherwise seek dismissal of the action.

- The motions at **ECF No. 28, 34**, although untimely filed and unauthorized, are hereby **NOTED,** subject to the remarks and rulings discussed above in this Opinion and Order. Plaintiff's improper request for summary judgment and for default judgment are **DENIED** without prejudice.

- If he so decides, plaintiff shall file an amended complaint in accordance with the applicable rules and the rulings in this Opinion and Order. Plaintiff's amended complaint, if any, shall be filed as a separate docket entry. Plaintiff is granted 21 days to do so. Failure to comply may entail sanctions including dismissal of the action without further warning.

- Plaintiff is warned that the Court's leniency towards his pro se status will not go much further and that the Court expects him to comply with the applicable rules and law.[16] As explained before, the Court had to overlook not one, but several important mishaps and rule violations by plaintiff in order to allow him to amend his complaint. Considering the fact that plaintiff "knowingly chose to handle [his] own [case], forsaking professional assistance" and that this Opinion and Order serves as a notice and warning, future rule and law violations will not go unnoticed. *Eagle Eye Fishing Corp. v. U.S. Dept. of Commerce*, 20 F.3d at 506; *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 140 (1st Cir. 1985)(the "right of self-representation is not a license not to comply with relevant rules of procedural

---

[16] Plaintiff is encouraged to review this District's Pro Se Litigant Guidebook available at https://www.prd.uscourts.gov/pro-se-forms and other resources available to the public.

and substantive law."(internal quotation marks omitted)). Accordingly, violation of applicable law or rules could entail sanctions and/or dismissal of the action.

- The motion at **ECF No. 35** is **DENIED** as **MOOT**.

- The motion to strike at **ECF No. 39 is GRANTED**. Therefore, plaintiff's filing at **ECF No. 38** is **STRICKEN FROM THE RECORD**. Plaintiff is hereby warned that unauthorized motions, absent prior leave of this Court, will be stricken from the record and could entail sanctions, including dismissal.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 27th day of March, 2023.

                                              **S/AIDA M. DELGADO-COLÓN**
                                              **United States District Judge**